## IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

202... 25 ... 1: 07

CLERK OF COURT

BY_____

TAMIO S. CLARK, in his Capacity as
the Successor Administrator to the Estate
of Masataka Maruyama,

                Plaintiff,

v.

TRICIA TORRES CANDOLETA and
PATRICK CANDOLETA,

                Defendants.

_____

TRICA TORRES CANDOLETA and
PATRICK CANDOLETA,

                Third-Party Plaintiffs,

v.

KEVIN J. FOWLER,

                Third-Party Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case no. CV0781-12

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, the Defendants' motion to postpone depositions was taken under advisement by the Court on October 22, 2013. Defendants were represented by attorney Wayson W.S. Wong. Plaintiff Tamio S. Clark was represented by attorney David W. Dooley. After having carefully considered, received, and reviewed the arguments, papers, and the file herein the Court hereby DENIES Defendants' motion to postpone.

## BACKGROUND

The instant matter arises out of a complaint filed by the Plaintiff on June 28, 2012. In his pleading Plaintiff asserts Defendants committed acts of fraudulent conveyance and conspiracy.

On September 11, 2013 Defendants filed a motion to postpone depositions that had been duly noticed for September 11 and 12, 2013. In support of their request Defendants assert that the instant matter is similar and related to Superior Court of Guam Case No. CV1048-01 where, pursuant to 7 GCA § 17106(b), all discovery has been stayed until the CV1048-01 court disposes of the pending anti-SLAPP motion. Defendants argue that allowing discovery in this case would violate the stay imposed by CV1048-01 and potentially inconvenience Defendants. They assert that prior to filing the motion they conferred in good faith with Plaintiff's attorney and were not able to resolve the issue.

Plaintiff filed his opposition to Defendants' request on October 8, 2013. In it Plaintiff refers to Defendants' failure to cite any rule allowing for the requested postponement and argues that their request is most closely related to a motion under rule 26(c) of the Guam Rules of Civil Procedure. He argues that Defendants' request: 1) will require an amended scheduling order; 2) was dilatory, filed the day before the scheduled depositions despite having been given four weeks advance notice of the depositions; 3) although based upon what is convenient to Defendants is *de minimis* to the Plaintiff's need to prepare for trial; 4) is not subject to 7 GCA §17106(b) statutory stay nor within its scope and purposes; and 5) as regulated by Rule 37.1(a), of the Court's local rules, procedurally defective, Defendants not having arranged for a conference to discuss the dispute prior to filing their request. Based upon these arguments Plaintiff requests that Defendants' motion be denied, depositions be ordered, the scheduling order amended and Defendants required to pay Plaintiff's costs and attorney fees.

On October 22, 2013, Defendants filed their reply. In it they assert that their motion to postpone is made pursuant to the Court's inherent authority and ability to stay discovery under 7 GCA § 17106(b). They reassert their arguments that allowing discovery would nullify the intended effect of the anti-SLAPP statute. Defendants further dispute the validity of Plaintiff's request for fees, arguing that their opposition should not be construed as a motion to compel.

## DISCUSSION

Unless otherwise directed by law, requests to postpone depositions are regulated by Rules 37.1 of the Local Rules of the Superior Court of Guam and 26(c) of the Guam Rules of Civil Procedure. Super. Ct. Guam R. 37.1; Guam R. Civ. P. 26(c). Prior to requesting postponement or relief a party must first certify that it has, "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id.* The requirement to confer includes that the parties meet in person and that they develop a paper stipulating their differences and their inability to resolve them. Super. Ct. Guam R. 37.1; *Rodriguez v. Government of Guam*, 2010 WL 2465150 *2 (D. Ct. Guam 2010)(not reported).

Once this certification has been adequately shown the moving party is then required to assert sufficient facts to support a finding that good cause requires the Court's protection from an undue burden. *Id.* Subpart (d) of Rule 37.1 of the Court's local rules further provides that, "If the discovery disputes are found to be frivolous or based on counsel's failure to cooperate with each other in good faith, sanctions will be imposed at the discretion of the Court." Super Ct. Guam R. 37.1(d).

In this case Defendants fail to justify their request under either of the above steps. Mem. at 1-5. In their moving papers Defendants certify that they in good faith attempted to resolve their dispute. However they do not sufficiently certify that the parties met in person nor do

they submit the stipulated paper required by the rule. Super. Ct. Guam R. 37.1. Absent these certifications and stipulations the Court is unable to find that Defendants' effort to resolve this matter was made in good faith. *Id.* at (d).

Additionally the Defendants fail to assert sufficient facts for this Court to support a finding of good cause justifying the postponement of discovery. Mem. at 1-5. Defendants have opposed consolidation of this case and Superior Court Case No. CV1048-01 and have failed to assert sufficient facts for the Court to find that the matters are sufficiently similar or that the statutory stay imposed in CV1048-01 is necessary to the instant case where those protections have already been specifically decided, denied and disposed.

Similarly lacking is Plaintiff's opposition request to compel. Opp. at 1-9. As a movant for an order to compel, he also is regulated by the obligations set forth by Rules 37.1 of the Local Rules of the Superior Court of Guam and 37 of the Guam Rules of Civil Procedure. Absent the Parties' compliance with these rules the Court is unable to grant the relief requested.

**CONCLUSION**

Based on the foregoing the Defendants' motion to postpone is DENIED. Defendants are further ordered to pay the reasonable costs associated with their failure to appear at the noticed depositions.

NOV 25 2013

SO ORDERED, this _____ day of _____ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

NOV 25 2013

Edna M. Nego
Deputy Clerk, Superior Court of Guam